[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have brought this writ of mandamus requesting the court to issue an order compelling the chairman of the defendant to sign a map approving an application by plaintiff William C. Baron ("Baron") for a two-lot resubdivision. The plaintiffs claim that no public hearing was held on the application in contravention of General Statutes Sections 8-26 and 8-26d, more than sixty five days elapsed since the date of the application without a public hearing, and the application was approved by operation of law. The defendant denies that the application was for a resubdivision and that a public hearing was required.
The parties have filed a stipulation of facts: which includes the following. The plaintiffs are the owners of an approximately 2.09 acre parcel of land located on Church Hill Road in the Town of Haddam, Connecticut. The subject parcel is all that remains of a larger tract that had been subdivided earlier into 21 lots by Baron and approved by the Commission. At that time the subject property, identified as lots 22 and 23, were proposed but did not receive final approval. Final approval was withheld as those lots required engineer designed septic systems. Baron subsequently deposited the requisite fill on the sites and had proposed lots 22 and 23 tested for sanitary systems. The Town of Haddam Health Department then approved those systems. Baron, by application dated February 29, 1988, then applied for division of the remaining parcel into two approved building lots. No public hearing was held on said application. At the Commission's regular meeting on June 20, 1988, it was voted to deny the application.
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes." Golab vs. New Britain, 205 Conn. 17, 19 (1987).
 "It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that CT Page 1420 which he seeks.". . . The writ is only proper when "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." Id. at 20.
General Statutes Section 8-18 defines "resubdivision" as follows:
 "resubdivision" means a change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map;
General Statutes Section 8-26 provides, in part:
 The commission shall have the authority to determine whether the existing division of any land constitutes a subdivision or resubdivision under the provisions of this chapter. . . The commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action. No plan of resubdivision shall be acted upon by the commission without a public hearing.
The plaintiffs' claim that the application in issue is a resubdivision because it sought to diminish the size of a lot on the original subdivision and create an additional building lot.
The stipulation of facts specifies that the subject property was identified as Lots 22 and 23 on the original subdivision, but did not receive subdivision approval. The lots, therefore, remained as undeveloped land and were not approved lots. Since the subject properly had not been approved as building lots at the time of the application in issue, the application to divide the property into two building lots did not diminish "the size of any CT Page 1421 lot" shown on the original subdivision and create "an additional building lot" so as to constitute a resubdivision under Section 8-18.
The defendant therefore did not improperly exercise its authority in determining that the application in issue constituted a request for a subdivision and that a public hearing was not required.
Accordingly, the plaintiffs do not have a clear legal right to have the chairman of the defendant sign a map approving the plaintiff Baron's application for a two lot resubdivision and the plaintiffs' request for a writ of mandamus is denied.
HENDEL, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk